GEORGE J. GLOVER CO., INC., v. BARNES ET AL.

(June 24, 1929. Opinion and Decree.)
(July 1, 1929. Rehearing Refused.)

W. A. Porteous, Jr., of New Orleans, attorney for plaintiff, appellee.

E. R. Mabry, of New Orleans, attorney for defendant Fidelity & Guaranty Co., appellant.

Luther E. Hall, of New Orleans, attorney for defendant Barnes, appellant.

WESTERFIELD, J. This is a petition in interpleader, whereby the plaintiff, George J. Glover Company, Inc., deposited in the registry of the Civil District Court $509.97, and impleads O. M. Barnes and the United States Fidelity & Guaranty Company, rival claimants for the amount deposited.

The George J. Glover Company, Inc., were the general contractors which, under a written contract with the St. Charles Hotel Company of New Orleans, undertook certain alterations, additions and improvements to the St. Charles Hotel. The Glover Company entered into a subcontract with O. M. Barnes, whereby Barnes agreed, for a consideration of $1,630 to do certain things. In the language of the contract:

"Article 1. The Sub-Contractor hereby agrees to provide all the materials and perform all the work to erect all structural steel including the taking down of the existing steel and iron and lowering and removal of the existing steel and iron to street or sidewalk, refitting and re-erecting any existing old steel work that may be designated to be used again, unloading, handling and erecting all new structural steel; drilling all necessary holes; cleaning and painting all new and old structural steel work; including the furnishing of all paint; and in fact everything necessary and incidental thereto to make a complete job of erecting, removal and painting of the above mentioned work.

"It is further understood and agreed that the sub-contractor will be paid by the contractor the price and sum of fifteen dollars ($15.00) per ton for all old steel and iron lowered and placed on the sidewalk or street, at site of building by the sub-contractor in addition to the amount named in Article XXIV of this agreement; and, the whole in strict conformity with the General Conditions of the Contract and as shown on said plans and drawings and described in said specifications and addenda specifications, if any, the said Sub-Contractor hereby, for the purpose of the work included in this contract, substituting himself in the place and stead of said Contractor, assumes all the obligations upon said Contractor in so far as the work herein stipulated to be performed is concerned."

It was stipulated:

"That the work required hereunder may be added to, deducted from, changed or altered to the wishes of the Owner and said Contractor."

Barnes assigned to the United States Fidelity & Guaranty Company:

"The payments due and to become due to him under a certain contract with George J. Glover Company, Inc., dated April 11th, 1925, for the erection of all constructural steel including the taking down of the existing steel and iron and lowering and removing existing steel and iron in alterations, additions and improvements to the St. Charles Hotel, New Or-

leans, and the said George J. Glover Company, Inc., is hereby authorized and directed to make the said payments as they become due to the United States Fidelity & Guaranty Company."

Subsequent to the execution of this written contract between the Glover Company and Barnes, a verbal contract between the same parties was made for certain extra work not mentioned in the general contract between the Glover Company and the St. Charles Hotel, nor in the subcontract between the Glover Company and Barnes, but considered necessary in connection with the general purpose of remodeling the St. Charles Hotel, the object of the general contract; the consideration of the verbal contract being the sum in dispute here, or $509.97.

The basis of the claim of the United States Fidelity & Guaranty Company is the provision in the subcontract, quoted supra, to the effect that "the work required under that contract may be added to, deducted from, changed or altered to the wishes of the owner or the said contractor." This provision, it is contended, is broad enough to include any work which Barnes might have undertaken to do in connection with the remodeling of the St. Charles Hotel, which had been undertaken by the Glover Company. With this view, we, like the judge of the lower court, are not in accord.

The subcontract is quite explicit as to Barnes' undertaking thereunder, and the assignment of Barnes' interest in that contract is limited to such moneys as may be coming to him under it. The clause in the contract relied upon by the surety company would apply to changes and additions in the work specified in the contract. It does not apply to extra work, the subject of a different contract, whether the work be connected with the purpose as expressed in the general contract or not.

It is admitted that the extra work, for which the sum of $509.97 is due, does not come within the terms of his original subcontract unless the section of the contract relied upon by defendant is susceptible of the interpretation put upon it by counsel. At the time the assignment was made to the United States Fidelity & Guaranty Company (May 19, 1925), the verbal contract for extra work had not been entered into or executed; consequently Barnes could not have contemplated and did not assign the moneys due him under this verbal contract.

The trial judge, in a lengthy opinion, which we adopt without reproduction here, reached the same conclusion.

We are of the opinion that his judgment is correct; consequently, for the reasons assigned, the judgment appealed from is affirmed,